ALMA FUCHS WELLS and AUGUSTA FUCHS JONES, Appellants, v. FRIEDRICH WILHELM FUCHS, COLUMBIA FUCHS, JULIUS VOGELER and LINA VOGELER.

**Division One, March 1, 1910.**

1. **WILL: Codicil.** A codicil to a will stands in the same position as a subsequent clause of the will. The purpose of each is the same, namely, to modify or change previous provisions of the instrument. The codicil is also made a part of the original will and must be so construed, under the usual rules of construction pertaining to wills.

2. ———: ———: **Unequivocal Modification.** The plain, clear and positive terms of a will cannot be changed by subsequent clauses unless the subsequent clauses are as plain and unequivocal as the original clauses. And this rule applies to a codicil,

226 Sup—7

Wells v. Fuchs.

which in effect is a subsequent clause made at a later date and with the purpose to change the devises theretofore made. Where the terms of the will clearly give an estate, that devise is not revoked by a codicil unless it is equally clear, explicit and unequivocal.

3. ————: **Void Portions.** Some portions of a will may be absolutely void, yet if they do not affect the general scheme of the testator's disposition of his property the court will hold them void and uphold the balance of the will.

4. ————: **Indefinite: Supplying Words.** Courts, holding the entire instrument in hand, may supply words and even substitute words in the will in order to get at the intent of the testator, and thereby uphold his will. But they cannot make that definite which is indefinite, or that certain which is equivocal. Vagueness that destroys applies to all instruments of writing alike.

5. ————: **Certain and Definite: Codicil Vague and Indefinite: Heir of Heir.** By the original will, in language definite and certain, a son was given a life estate in city property, and his children, born and unborn, were given the fee. The codicil speaks of the son as "being my heir in my last will," and then proceeds in confused and involved language to declare a little child of this son to "be sole heir of the above named" son. *Held,* that the codicil is vague, indefinite and uncertain, and did not change the estate fixed by the will and was void.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED *(with directions).*

*Frank H. Haskins* for appellants.

(1) The codicil is meaningless and incapable of interpretation. Ambiguity which is patent and not latent cannot be explained by parol evidence. Davis v. Davis, 8 Mo. 56; Robards v. Brown, 167 Mo. 457. (2) In order to divest out of plaintiff, or cut down the interest once vested, the intent to do so must be clear and positive. Augustus v. Seebolt, 60 Ky. (3 Met.) 155; Kane v. Astor's Exec., 7 N. Y. Sup. Ct. (5 Sandf.) 534; Jackson v. Littell, 213 Mo. 589. (3) The words used to impair or cut down an estate once granted

must be affirmatively as strong and clear as the words conveying the estate. Jackson v. Littell, 213 Mo. 600; Yocum v. Siler, 160 Mo. 289; Tisdale v. Prather, 210 Mo. 402; Barksdale v. White, 28 Grat. 224. (4) When the words of a will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be cut down to any less estate by subsequent ambiguous words, inferential in their intent. Yocum v. Siler, 160 Mo. 289; Freeman v. Coit, 96 N. Y. 63; Gibson v. Seymour, 102 Ind. 489. (5) Where a bequest is clearly given in a will, an intent to revoke it in a codicil must be as clear and explicit as the original gift. University v. Pinckney, 55 Md. 365; Hard v. Ashley, 117 N. Y. 606; 1 Jarman on Wills (6 Am. Ed.), pp. 443, 675; Schouler on Wills (3 Ed.), sec. 437; Rood on Wills, sec. 423. (6) The law favors that construction of a will which will not tend to disinherit the heir. Scott v. Guernsey, 48 N. Y. 106; Irwin v. Zane, 15 W. Va. 646; Bearley v. Bearley, 9 N. J. Eq. 21; Wilcox v. Beecher, 27 Conn. 134. (7) If, from the words in a will, the intention be matter of doubt, the words must be construed according to their legal import. Annable v. Patch, 20 Mass. 360.

*W. E. Fisse* for respondents.

(1) The codicil is an essential part of the will, and cannot be disregarded. The codicil is completely and properly executed, and therefore constitutes a part of the will. "It is a leading rule that, for purposes of construction, the will and its codicil or codicils are to be considered as parts of one and the same instrument and all must be construed together." 6 Am. and Eng. Ency. Law, p. 179, subdiv. 3, par. 2a. (2) The entire will (codicil included) must be construed according to the intention of the testatrix. R. S. 1899, sec. 4650. (3) The codicil is inconsistent with the sixth clause of the original will, and necessarily revokes this

sixth clause. 6 Am. and Eng. Ency. Law, p. 186; 1 Woerner's Am. Law Administrations, p. 96, sec. 51. (4) The will in question indicates a clear intention to dispose of the entire estate of the testatrix. Courts always presume such an intention on the part of a testator, and reject a construction of a will which produces intestacy as to a portion of the estate. The contention of the plaintiffs is in violation of this settled rule, because it rejects the codicil altogether, and necessarily produces intestacy as to the property included in the sixth clause of the will. Willard v. Darrah, 168 Mo. 670; Robards v. Brown, 167 Mo. 447. (5) The codicil in question is not unintelligible, nor is it void because of any impossibility to render a reasonable construction of its terms. Fairly construed, it gives to the defendant Frederick William Fuchs a fee, determinable upon his death without leaving any children, in which event the defendants Julius. Vogeler and Lina Vogeler become entitled to the fee, subject to certain pecuniary charges in favor of the plaintiffs. (6) The rule that wills shall be construed according to the real intention of the testator requires the court to accept the words of the will in the sense in which they were used by the testator, and to disregard the technical significance of the words actually used, and, often, to supply words and transpose words or phrases, wherever this is necessary to effectuate the evident intention of the will. (7) The inartificial character of a testamentary instrument, its want of technical accuracy, and its mistaken use of words, will not defeat a construction according to the manifest intention of the testator. (8) Extrinsic evidence is admissible to show the situation of the parties, and as an aid in interpreting the will, so far as the situation of the parties, their feelings toward each other and their relations are a circumstance of importance in the interpretation of the instrument. Garth v. Garth, 139 Mo. 456; Rothwell v. Jamison, 147

Mo. 601; Cross v. Hoch, 149 Mo. 325; Clotilde v. Lutz, 157 Mo. 439; Hurst v. Von De Veld, 158 Mo. 239; Webb v. Hayden, 166 Mo. 39; Robards v. Brown, 167 Mo. 447; Willard v. Darrah, 168 Mo. 660.

GRAVES, J.—This is an action to quiet title to certain real estate in the city of St. Louis. All parties claim under a will made by Helene Fuchs, executed April 24, 1897, and a codicil thereto, executed July 29, 1897. The plaintiffs and the two defendants, Friedrich Wilhelm Fuchs and Columbia Fuchs, were children of Dr. A. J. Fuchs, a son of the testatrix. Alma Fuchs Wells and Augusta Fuchs Jones and Friedrich Wilhelm Fuchs are children by his first wife, and Columbia Fuchs a child by his second wife. Defendant Lina Vogeler was a daughter of testatrix, and Julius Vogeler was her husband. The testatrix died October 14, 1897. Dr. Fuchs died in March, 1904.

Plaintiffs claim an undivided one-fourth each in the property under the sixth clause of the will, which reads:

"VI. I give, bequeath and devise to my son Dr. August J. Fuchs (a widower), residing in Mascoutah, St. Clair county, Illinois, the following described real estate, situated in Block No. 1354 of the city of St. Louis, State of Missouri, to-wit:

"Lots number thirty-nine and forty of Block No. 2 of Thomas Allen's Western Addition to said city of St. Louis, Missouri; said lots having an aggregate front of fifty feet on the south line of Russell avenue by a depth of 125 feet, to an alley, inclusive the two-story stone front building No. 2738 Russell avenue, and other improvements thereon, to have and to hold the same with all the appurtenances thereto belonging, for and during his natural life, he, my said son, August J. Fuchs, to have and enjoy the usufruct, income, rents and revenue of said property for his sole use and benefit during his natural life, he, my said son, to

keep the premises in good repair and tenable condition, pay taxes, insurance, etc.; and from and after the date of the death of my said son, August J. Fuchs, I give, bequeath and devise all of said real estate, including the buildings and improvements thereon, to his children, Alma Fuchs, aged about twenty years, Augusta Fuchs, aged about eighteen years, Friedrich Wilhelm Fuchs, aged about six years, and to the child or children that may be born to him hereafter. To have and to hold the same from and after the date of the death of my son August J. Fuchs, unto them, my said grandchildren in equal shares, and unto their heirs and assigns forever.''

Defendants, Friedrich Wilhelm and Julius and Lina Vogeler, claim by reason of the codicil of the will, which reads:

''I, the undersigned, Helene Fuchs, widow of Frederick Wilhelm Fuchs, deceased, hereby declare that after my death Dr. A. J. Fuchs, residing in Mascoutah, St. Clair county, State of Illinois, being my heir in my last will and testament such as made in my last will and testament, now in possession of Richard F. Koster in St. Louis, State of Missouri, if my son Dr. A. J. Fuchs, of Mascoutah, county of St. Clair, State of Illinois, die before his son Fred Wm. August Fuchs (now aged six years) also residing in Mascoutah, county of St. Clair, State of Illinois, he to be sole heir of the above named Dr. A. J. Fuchs of Mascoutah, St. Clair county, State of Illinois, if he dies, such inheritance (providing he dies without heirs, that is, his sisters, Alma Fuchs and Gussie Fuchs only to receive from such one hundred dollars each), but the residue to revert to my son-in-law Julius Vogeler, Sr., and his wife Lina Vogeler, nee Fuchs.''

There was oral evidence tending to show that the plaintiffs had trouble with their father, Dr. Fuchs, and that the testatrix took the side of the father. The codicil was shown to be in the handwriting of Dr.

Fuchs. It appears that one of the plaintiffs had procured the arrest of the father, and the testatrix had requested that the suit be withdrawn, and that afterward she said in speaking of this matter that she had changed her will. The important portion of the decree of the trial court reads:

"And the court doth find, adjudge and decree that under the will of the late Helene Fuchs, as set out in the petition in this cause, the fee simple title to the premises described in the petition became vested, upon the death of August J. Fuchs, to-wit, on or about the 14th day of March, 1904, in the defendant Wilhelm Fuchs, and is now vested in him, the said Frederick Wilhelm Fuchs, subject, however, to be determined in the death of him, the said Frederick Wilhelm Fuchs, without leaving him surviving any lawful child or children, in which event said legal title shall become vested in the defendants. Julius Vogeler and Lina Vogeler as joint tenants, subject, however, to the payment by them of the sum of one hundred dollars to each of the plaintiffs herein, to-wit, Alma Fuchs Wells and Augusta Fuchs Jones, which respective sums constitute a charge upon the contingent interest of said Julius Vogeler and Lina Vogeler in and to the premises aforesaid. And the court doth further adjudge and decree that the proper construction of the will of said Helene Fuchs aforesaid vests the title to the premises described in the petition herein according to the previous finding of this decree."

Plaintiffs bring the case here by appeal taken in due order and within proper time.

It will be observed that the real issue is as to the effect that the codicil to the will has upon the sixth clause thereof.

Points urged will be noted in the course of the opinion.

Proceeding now to the questions of law, from the entire will it is evident that there was an attempted

disposition of all of the property of the testatrix. This intent is clearly apparent. The question therefore is whether or not the testatrix by the codicil has so clearly indicated her purpose of changing clause six of her original will as to change the character of the bequests therein contained and the beneficiaries therein named. By clause six of the original will, Dr. Fuchs took a life estate in the property in question, and his heirs born, or thereafter to be born, an estate in remainder in fee. The codicil attempts to change the bequest in said sixth clause made. In this codicil Dr. Fuchs is designated as the heir of the testatrix. In other words she says that he has theretofore been designated as the heir of deceased in the first will. In this codicil it is provided that the young son Fred Wm. August Fuchs be the sole heir of Dr. Fuchs, in case of his death. The question therefore is whether or not this codicil is sufficiently definite and certain in its terms to change the distribution theretofore made by clause six of the original will. It should be here remarked that notwithstanding the fact that there is an evident purpose to dispose of the whole estate, yet some portions of a will, so intended, may violate some rule of law, and thereby be ineffective.

In this case, we have a testatrix with a will definite and certain as to the distribution of her whole estate. Later, she undertakes by codicil to change and modify such distribution. This she had the right to do. And further be it said that if such subsequent modification is sufficiently definite and certain, so that the court can determine from the four corners of the instrument, including the modification made by a codicil, what the actual intent and purpose of the testatrix is, then such interpretation should be adopted, and to that end the will as a whole should be sustained. We take it that a codicil to a will stands in the same position as a subsequent clause in a will. The construction which should be given to one should be given to the

other. The purpose of each is the same, *i. e.*, to change or modify previous provisions of the instrument. Of course in a codicil the modifications may be, and usually are, more radical than are those usually found in the different clauses of an instrument made at one and the same time. One question is clear and that is that the purpose of a codicil is to modify and change the clauses of an instrument to which it is attached. Another question likewise appears to be clear, and that is that it is made as a part of the original will, and if so, must be so construed, under the usual rules of construction pertaining to such instruments. We can see, however, where it might be contended, that the codicil 'was in fact a new will, but in view of the fact that it must be considered as a modification or change of the old instrument, we can see no reason for changing the usual rule of construction given to wills as a whole. Some portions of a will may be absolutely void, yet if they do not affect the general scheme of the testator's disposition of his property, the court can hold them void, and yet uphold the will. [Sevier v. Woodson, 205 Mo. 202.] And in the same case it is held that the clear, plain and positive terms of a will cannot be changed by subsequent clauses, unless such subsequent clauses are as plain and unequivocal as the original clauses. At loc. cit. 214 of that case we said: "We take it to be well-settled law that where a certain estate is granted in plain and unequivocal language in one clause of a 'will, the same cannot be lessened or cut down by a subsequent clause of the will, unless the language used in such subsequent clause is as clear, plain and unequivocal as the language of the first grant."

Upon this question, at that time, we had occasion to go over and review the authorities, and a further review thereof would be at the expense of space in this opinion. In that case, we were reviewing clauses of the original will, but we take it there is no differ-

ence in the rule as between subsequent clauses in the original will and a codicil to the original will. The latter is but a subsequent clause, made at a later date, the purpose of which is to change the devises theretofore made. If such change is made it must be in such language that it is clear, explicit and unequivocal. In other words, where there has been a clear devise in a will, the terms of the codicil must be equally clear in order to change such devise. In Rood on Wills, sec. 423, it is said: "When the terms of a will clearly give an estate, the words of the codicil must manifest an intent equally clear to revoke it." To like effect is Schouler on Wills, sec. 437, whereat, among other things, it is said: "And that a clear gift in the will is not revoked by vague or doubtful expressions in the codicil." Authorities innumerable might be cited, but to our mind the reason for the rule as to a codicil is as well founded as is the reason for the rule as between prior and subsequent clauses of the same instrument. In fact the court must treat the codicil as a part of the same instrument and construe the two as one. By so doing we have for consideration the will which otherwise we could not have.

When we have a will for construction there are certain rules which must be the guide. These rules do not permit us to rewrite the will for the party on the one hand, nor do they permit us to say that the party has properly written the will unless it so appears. One rule is as binding as the other. If the provisions of a will are void, we must so declare, notwithstanding the general rule that the court shall attempt to find the real intent of the testator. If certain clauses of the will are void for reasons well founded in law, we must so say. This rule finds expression in the very recent case of Board of Trustees v. May, 201 Mo. l. c. 369, where we said: "We confront at the outset two well-recognized rules in the law: First, courts cannot make wills for parties. Second, wills should be so

construed as to carry out the intention of the parties. In the latter we are not limited to the four corners of the instrument, but may be enlightened by evidence, *aliunde,* as to the conditions and surroundings of the testator, in determining the real intention of the party making the will. But even when guided by these rules the court may by invoking, and without doing violence to, any of the rules of construction in cases of wills, find a condition in the devise which, for vagueness and indefiniteness, cannot be enforced. Such appears to us to be the real question in this case.''

It is true that exact language is not required of a testator. Legal terms and phraseology are required. When we take the whole instrument, we may supply words, and even substitute words in order to get at the intent of the testator, and thereby uphold the will. But giving this rule its full force, we cannot make definite that which the testator has made indefinite. We cannot make certain that which the testator has left uncertain. We cannot make certain that which the testator has left equivocal.

Both rules must be considered together and our judgment respond thereto. Vagueness we cannot make light. Uncertainty, by our *ipse dixit,* we cannot make certain. Language with English meaning we cannot change, whether it be used by one accustomed to the language or otherwise. Radical looseness in the making of wills or codicils thereto cannot be tolerated under rules of law any more than it can be tolerated in many other instruments submitted to the courts for construction. When we say that vagueness destroys the effect of an instrument of writing, it applies to wills as it does to all other writings.

In this case we have set out in full the instrument in so far as the questions involved are concerned. By the original will, Dr. Fuchs was given a life estate in the property involved and his children born or unborn were given the fee. This will was definite and

certain. The codicil is a conglomeration of language of uncertain meaning. It speaks of Dr. Fuchs as an heir under the will of testatrix. The word heir we might and perhaps should construe to mean devisee, but when the codicil goes further and says the little boy shall be made the heir of Dr. Fuchs, it goes beyond our limits in matters of construing language. There is not much use theorizing upon such a case. By the will Dr. Fuchs was only given a life estate in the property in question. As to that he could have no heir at law or otherwise. The estate died with him. Nor could testatrix make the boy an heir, because the law fixed that status, unless Dr. Fuchs changed it by his own will. No good purpose is subserved by a further analysis of this codicil. It is vague, indefinite, uncertain and crude to the limit. It is too vague, indefinite and uncertain to change the estate clearly fixed by the sixth clause of the will. We might guess at the intent of the testatrix, but further than that we could not go. The law does not permit such course. The court, *nisi* should have declared the codicil void, and to this end the cause is reversed and remanded with directions that the trial court enter up judgment to the effect that the plaintiffs are each entitled to an undivided one-fourth interest in the property, and that the defendant, Friedrich Wilhelm Fuchs is entitled to an undivided one-fourth interest in the same, as is also the defendant, Columbia Fuchs, and that the defendants, Lina Vogeler and Julius Vogeler have no interest therein.

With these directions, the judgment *nisi* is reversed and remanded. All concur.